J-S41013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: CONTEMPT OF ELIJAH WHITE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ELIJAH WHITE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 120 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 29, 2022
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-MD-916-2022

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY PANELLA, P.J.:          **FILED: December 28, 2023**

Elijah White appeals from the judgment of sentence entered after the trial court found him guilty of criminal contempt for attempting to assert his right not to incriminate himself at a preliminary hearing for Keaundre Crews. Unfortunately, White's counsel failed to timely file a Pa.R.A.P. 1925 statement of matters complained of on appeal, but subsequently filed an untimely statement. In the absence of a timely filed statement, the trial court concluded all issues on appeal had been waived.

Both White and the Commonwealth concede that White's counsel's error constitutes ineffectiveness *per se*. **See** Appellant's Brief, at 17; Commonwealth's Brief, at 5. Further, White does not request an opportunity to file a new Rule 1925 statement, merely that the trial court respond to his

_____

* Former Justice specially assigned to the Superior Court.

already filed, untimely statement. *See* Appellant's Brief, at 16-18. We therefore remand this matter to the trial court to address the issues raised in White's previously filed Rule 1925 statement within 60 days of receiving the record. The trial court shall then file a copy of its opinion with this Court, provide notice to the parties, and return the record.

Upon the filing of the trial court opinion, White will have 30 days to file an appellant's brief addressing the substance of the trial court's opinion. We further direct White's counsel to file a letter with the brief indicating whether oral argument will be requested. The Commonwealth will then have 30 days from the filing and service of White's brief to file an Appellee's brief. The Commonwealth retains the right to petition this Court for an option contrary to White's request.

Given this outcome, we deny the Commonwealth's application to quash or strike White's reply brief as moot. Further, we deny White's application for oral argument, without prejudice to White's right to request oral argument upon the filing of his brief, or the Commonwealth's right to object to the same.

Case remanded. Trial court directed to file opinion within 60 days of receipt of the certified record. Appellant to file a brief within 30 days of the trial court opinion being filed. Appellant is directed to file, contemporaneously with the Appellant's Brief, a document indicating whether Appellant requests oral argument. Commonwealth to have 30 days from the filing of appellant's brief to file an appellee's brief and is directed to file any request to proceed contrary to Appellant's request regarding oral argument at the same time.

Commonwealth's application to strike reply brief is denied as moot. Appellant's application for oral argument is denied without prejudice to both parties' rights to request or object to oral argument. Jurisdiction retained.